UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| For use and on behalf of CAMPBELL § | | |
| INSTRUMENTATION, INC. § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 2:16-CV-389 | |
| § | | |
| ANTHONY AND GORDON § | | |
| CONSTRUCTION COMPANY, INC. § | | |
| and § | | |
| GREAT AMERICAN INSURANCE § | | |
| COMPANY, § | | |

      Defendants.

## ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT

Campbell Instrumentation, Inc. ("Campbell") filed this suit against Anthony and Gordon Construction Company, Inc. ("A&G") for a claim under the Miller Act.[1] Pending before the Court are Campbell's Motion for Relief from Judgment (D.E. 5) and A&G's Motion for Relief from Judgment (D.E. 7; D.E. 8).[2] For the reasons stated below, Campbell's motion is **DENIED** and A&G's motion is **DENIED AS MOOT**. Additionally, the claims originally filed by A&G in the 319th District Court for Nueces County are **REMANDED** to that court.

---

[1] The Miller Act provides a subcontractor or supplier, who has furnished labor or materials for the construction of federal public buildings, a right to sue the prime contractor for the amount owed. *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 220 (5th Cir. 2012). It is an anomaly of the Miller Act that the United States of America be included in the style of the case. *See* 40 U.S.C. § 3131. The real party in interest is Campbell.

[2] A&G filed two motions for relief from judgment. (D.E. 7; D.E. 8). However, the two filings are identical and are addressed as one motion below.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On September 13, 2016, Campbell filed its complaint against A&G and Great American Insurance Company ("GAIC"), alleging a claim under the Miller Act. (D.E. 1). The contract giving rise to Campbell's claim was to be performed at Naval Air Station Corpus Christi. (D.E. 1, Page 2). A&G was the prime contractor and pursuant to the contract, Campbell performed labor and supplied materials for use in the construction project. (D.E. 1, Page 2). Campbell alleged it did not receive payment from A&G despite several demands for the disputed sum of $376,416.50. (D.E. 1, Pages 2-3). On October 24, 2016, A&G filed a suit against Campbell in the 319th District Court of the State of Texas, County of Nueces. (D.E. 5, Page 3 ¶ 10). On November 23, 2016, Campbell filed a document entitled "Notice of Removal" in the state court case which purported to remove the state action into this existing cause, 2:16-CV-389.[3] (D.E. 3).

An initial pretrial conference ("IPTC") in this matter was set for January 6, 2017 at 1:15 p.m. (D.E. 2). On January 6, 2017, the case was called but neither party appeared. At the Court's instruction, the Court's case manager phoned Campbell's attorney, Mr. Warren. Mr. Warren indicated he had not calendared the setting. Minute Entry Jan. 6, 2017. Counsel for Campbell was warned in this same call that the Court was considering dismissing the case with prejudice. *See* Minute Entry Jan. 6, 2017. On January 9, 2017, the Court entered a final judgment of dismissal with prejudice for failure to prosecute. (D.E. 4). On November 30, 2017, Campbell filed a Motion for Relief from Judgment. (D.E. 5). On January 8, 2018, A&G filed its Motion for Relief from Judgment. (D.E. 7; D.E. 8). On January 11, 2018, Campbell filed its Response to A&G's Motion. (D.E. 9). To date, no response has been filed to Campbell's motion.

---

[3] In fact, the removal was ineffective. *See infra* at II.B.

## II. DISCUSSION

Rule 60(b) provides, in relevant part, the Court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Fifth Circuit has provided factors that should inform the district court's consideration of a Rule 60(b) motion:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A 1981) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)). Rule 60(b) is not a substitute for an appeal, and absent exceptional circumstances, a party's failure to prosecute a timely appeal will bar relief under the rule. *Carter v. Fenner*, 136 F.3d 1000, 1005-06 (5th Cir. 1998); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) ("Rule 60(b) may not be used to provide an avenue for challenges of mistakes of law that should ordinarily be raised by timely appeal."). A district court has considerable discretion to grant or deny relief under Rule 60(b). *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).

### A. Campbell's Rule 60(b) Motion

#### 1. Basis for Relief

Campbell relies on two arguments in support of its motion, which both implicate Rule 60(b)(1).[4] Under Rule 60(b)(1), the court may relieve a party or its legal representative from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In determining whether "excusable neglect" exists, a court should consider "prejudice to the opposing party, length of the delay, and reason for the delay in determining whether the claimant's neglect was excusable and the delay was made in good faith." *Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)). The negligence or carelessness of a client's lawyer, such as missing deadlines, does not constitute excusable neglect under Rule 60(b)(1). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-57 (5th Cir. 1993); *Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 374 (5th Cir. 2013) ("In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." (citations omitted)). "A party has a duty of diligence to inquire about the status of a case." *Edward H. Bolin Co.*, 6 F.3d at 357.

First, Campbell's counsel argues he failed to appear at the IPTC because his email address was not updated in the CM/ECF system, resulting in him not receiving the notice. (D.E. 5, Page 13). Campbell's counsel asserts he was unaware his old email address was not forwarding documents to him and his administrative assistant in charge of CM/ECF information

---

[4] Campbell also seeks relief under Rule 60(b)(6). No such relief is possible, because Campbell has failed to set forth a basis for relief under Rule 60(b)(6) that is independent of the basis for the relief it seeks under Rule 60(b)(1). *See Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002) ("The reason for relief set forth in Rule 60(b)(1) cannot be the basis for relief under Rule 60(b)(6)." (quoting *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971)).

at the time failed to update his information as a result of being seriously ill with what was later diagnosed as congestive heart failure. (D.E. 5, Pages 13-14). However, the Fifth Circuit has held a district court did not abuse its discretion in rejecting the argument that an attorney's "failure to update the email address on file with the Southern District of Texas [was] a mistake warranting Rule 60(b)(1) relief." *Walker v. Transfrontera CV de SA*, 634 F. App'x 422, 427 (5th Cir. 2015). Additionally, Campbell's counsel took no action to check the status of the case until seven months after the dismissal. *See Edward H. Bolin Co.*, 6 F.3d at 357; *cf. Fidelity & Deposit Co. v. USAFORM Hail Pool, Inc.*, 523 F.2d 744, 748-51 (5th Cir. 1975) (holding that relief from judgment for excusable neglect under Rule 60(b) was appropriate where counsel had diligently made inquiries to discover the status of his case, the district court advised him that repeated inquiries were unnecessary, and counsel did not receive notice of the judgment until after the time for appeal), *cert. denied*, 425 U.S. 950 (1976). Accordingly, the Court finds this argument does not support granting relief under Rule 60(b)(1).

Second, Campbell argues the Court erred when it dismissed the action with prejudice because Campbell's failure to appear at the IPTC alone did not demonstrate a clear record of delay warranting such a sanction. (D.E. 5, Page 8); *see Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980). However, Campbell's action was not dismissed solely due to its failure to appear at the IPTC. The Court notified Campbell's counsel of his failure to appear by telephone and counsel was notified the Court was considering dismissing the case for want of prosecution. Minute Entry Jan. 6, 2017. The Court waited three days for Campbell to take action in furtherance of its claims before entering judgment of dismissal. (D.E. 4). However, Campbell's counsel failed to take any affirmative action from the time he was notified of his failure to appear until this motion was filed, nearly eleven months after the Court's entry of

judgment. Additionally, since Campbell did not appeal the final judgment of dismissal with prejudice, it appears Campbell is impermissibly using Rule 60(b) as substitute for an appeal in light of its failure to check on the status of its case. *See Carter*, 136 F.3d at 1005-06; *Pryor*, 769 F.2d at 281.

### 2. Timeliness of Motion

Even assuming one of Campbell's proffered grounds could justify relief under Rule 60(b), Campbell did not file its motion within a reasonable time. All motions under Rule 60(b) must be made within a reasonable time and motions made under Rule 60(b)(1) must be made no more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). The one-year time limit on Rule 60(b)(1) motions "represents an extreme limit, and the motion will be rejected as untimely if not made within a 'reasonable time,' even though the one-year period has not expired." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610-11 (7th Cir. 1986) (quoting Wright & Miller, Federal Practice and Procedure § 2866 (3d ed.)). Delays are beyond the bounds of reasonableness where the moving party provides no valid justification for the delay. *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 121 (5th Cir. 1992) (collecting cases). "Reasonableness turns on the particular facts and circumstances of the case." *Clark v. Davis*, 850 F.3d 770, 780 (5th Cir. 2017) (citations omitted) (internal quotation marks omitted); *see also Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam) ("What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."). "[T]he timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *First Republic Bank*, 958 F.2d at 120.

Final judgment dismissing the case with prejudice was entered on January 9, 2017. (D.E. 4). Campbell's counsel received a call from the case manager on January 6, 2017, informing him he failed to appear at the IPTC, and by counsel's own admission he was waiting for a return call from the case manager. (D.E. 5, Pages 4, 12-13; D.E. 5-1, Pages 2-3). Although counsel was allegedly waiting to hear how the Court wished to proceed, counsel did not follow up with the case manager or the Court. In fact, counsel did not even check the status of the case until seven months later, on August 8, 2017, even though he should have been aware of an issue concerning the receipt of notices from the Court. (D.E. 5, Pages 4, 14; D.E. 5-1, Page 3); *see Edward H. Bolin Co.*, 6 F.3d at 357. Further, Campbell did not check the status of the case until after the statute of limitations on its Miller Act claim had expired.[5] Once counsel noticed the dismissal, it waited almost four additional months to file the pending motion for relief from judgment on November 30, 2017. (D.E. 5). Campbell has not provided a valid justification for either delay. Therefore, the Court finds the motion was not filed within a reasonable time and is **DENIED**.

B.  **A&G's Rule 60(b) Motion**

A&G moves for relief from judgment under Rule 60(b) only to the extent that the dismissal with prejudice applies to A&G's claims or counterclaims against Campbell. (D.E. 8, Page 1). A&G has made no claim in this case, so its motion is moot. Any claim A&G has, if any, is in the state court case, which was improperly removed. Campbell attempted to remove that state action to its existing Miller Act case in this cause number. "[A] case cannot be removed from state court to become part of an already existing federal case." *Paralee Boyd*

---

[5] "An action brought under [the Miller Act] must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4). According to the complaint, the date on which the last labor was performed or materials were supplied to A&G by Campbell was on June 14, 2016. (D.E. 1, Page 3). The statute of limitations expired on June 14, 2017, over a month before Campbell's counsel checked on the status of the case.

*Salon, LLC v. COG Studio, LLC*, 2016 WL 5388911, at *1 (E.D. Mich. Sept. 27, 2016) (collecting cases); *see also Mlotek v. Mlotek*, 2011 WL 441526, at *1 (N.D. Ohio Feb. 3, 2011). It is for the Court, not a party, to determine whether related cases should be consolidated. Fed. R. Civ. P. 42; LR 7.6; *see Galvan v. Nationstar Mortg.*, 2014 WL 644320, at *1-2 (D. Nev. Feb. 18, 2014). Furthermore, Campbell never paid the statutory filing fee required for removal actions. 28 U.S.C. § 1914(a); *see Paralee Boyd Salon*, 2016 WL 5388911, at *1.

In addition, the notice of removal fails to conform to 28 U.S.C. § 1446, which requires that a notice of removal be filed "together with a copy of all process, pleadings, and orders served upon defendant or defendants in such action." 28 U.S.C. § 1446(a); *see also* LR 81(1)-(3). The notice also fails to conform with the additional requirements of Local Rule 81, which requires that the state court docket sheet, an index of matters being filed, and a list of all counsel of record be filed with a notice of removal. LR 81(4)-(6). These procedural defects were never corrected, and prevented this Court from knowing what claims A&G raised in state court. The claims A&G brought in state court were therefore not before this Court and were unaffected by the Court's order of dismissal. A&G never had any claims before this Court and its motion is therefore **DENIED AS MOOT**.

The state court's electronic docket sheet reflects that a notice of removal was filed before that court. From the state court's perspective, the notice of removal filed in the state court "shall effect removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Because the notice of removal filed in this Court was defective, the Court **REMANDS** whatever claims A&G originally filed in state court back to the 319th District Court. *See Iqbal v. Afzal*, 2010 WL 934065, at *2 (N.D. Cal. Mar. 15, 2010).

### III. CONCLUSION

Campbell's motion for relief from judgment (D.E. 5) is **DENIED** as untimely and A&G's motion for relief from judgment (D.E. 7; D.E. 8) is **DENIED AS MOOT**. A&G's claims, originally filed as Cause No. 2016DCV-5536-G, are **REMANDED** to the 319th District Court of the State of Texas, County of Nueces.

SIGNED and ORDERED this 21st day of March, 2018.

_____
Janis Graham Jack
Senior United States District Judge